**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1225**

TRI EFENDY BUDIONO,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 11, 2010          Decided:  August 20, 2010

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

H. Raymond Fasano, MADEO & FASANO, New York, New York, for Petitioner.  Tony West, Assistant Attorney General, Anthony P. Nicastro, Senior Litigation Counsel, Sheri R. Glaser, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tri Efendy Budiono, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen based on changed country conditions. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2010). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii).

This court reviews the denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir.), cert. denied, 130 S. Ct. 137 (2009); 8 C.F.R. § 1003.2(a) (2010). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will

be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id. This court will reverse a denial of a motion to reopen "only if it is 'arbitrary, irrational, or contrary to law.'" Mosere, 552 F.3d at 400 (quoting Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002)).

We conclude the Board did not abuse its discretion. Budiono's evidence did not show a material change in country conditions, but only a continuation of some of the same conduct that he claimed supported a well-founded fear of persecution. In addition, the Board did not abuse its discretion in finding Budiono's evidence was cumulative.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3