**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2305**

YANG ZHEN QIU, a/k/a Yoag Zhen Qiu, a/k/a Xiang Qiu,

　　　　　Petitioner,

　　　v.

ERIC H. HOLDER, JR., Attorney General,

　　　　　Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 20, 2011　　　　　Decided:  June 28, 2011

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Gary J. Yerman, New York, New York, for Petitioner.  Tony West, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Brianne Whelan Cohen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yang Zhen Qiu, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her motion to reopen the proceedings. We conclude the Board did not abuse its discretion in denying the motion, and we deny the petition for review.

Under 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006), there is no time limit for a motion to reopen an asylum proceeding if the applicant claims changed country conditions and evidence of such change is material and was not available and would not have been discovered or presented at the previous proceeding. "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2011). This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v.

_Holder_, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted).

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." _Onyeme v. INS_, 146 F.3d 227, 234 (4th Cir. 1998) (citing _INS v. Abudu_, 485 U.S. 94, 104-05 (1988)). This court will reverse a denial of a motion to reopen only if it is "'arbitrary, irrational, or contrary to law.'" _Mosere v. Mukasey_, 552 F.3d 397, 400 (4th Cir. 2009).

In the context of a motion to reopen immigration proceedings, in order to make a prima facie case, Qiu must present objective evidence showing a reasonable likelihood that she can establish entitlement to relief. _Sharder v. U.S. Att'y Gen._, 503 F.3d 308, 313 (3d Cir. 2007); _see also_ _Jian Hui Shao v. Mukasey_, 546 F.3d 138, 168 (2d Cir. 2008) (alien must show that the new evidence would likely alter the result of the case); _M.A. v. INS_, 899 F.2d 304, 310 (4th Cir. 1990).

Because Qiu's claim is not based on past persecution, she must show a well-founded fear of persecution based on a

3

protected ground.  <u>Ngarurih v. Ashcroft</u>, 371 F.3d 182, 187 (4th Cir. 2004).  The well-founded fear standard contains both a subjective and an objective component.  The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. <u>Gandziami-Mickhou v. Gonzales</u>, 445 F.3d 351, 353 (4th Cir. 2006).

We conclude that the Board did not abuse its discretion in finding that Qiu submitted evidence that was not previously unavailable.  We further conclude the Board did not abuse its discretion in finding that Qiu did not meet the standard for reopening based on changed country conditions announced in <u>Matter of S-Y-G-</u>, 24 I. & N. Dec. 247, 251-52 (BIA 2007).  Substantial evidence supports the finding that Qiu did not show a change in country conditions that would support a well-founded fear of persecution in someone with her circumstances.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4