**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1076

ABEL RUBIO DELGADILLO,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 2, 2011      Decided:  September 13, 2011

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

H. Glenn Fogle, Jr., THE FOGLE LAW FIRM, LLC, Atlanta, Georgia, for Petitioner.  Tony West, Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, Jeffrey R. Meyer, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abel Rubio Delgadillo petitions for review of an order of the Board of Immigration Appeals denying his motion for reconsideration and his motion to reopen. Delgadillo's request for cancellation of removal under 8 U.S.C. § 1229b(b)(1) (2006) was denied because he failed to show that his removal would result in "exceptional and extremely unusual hardship" to his two United States citizen children. We deny the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2006), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. See Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the BIA to actually deny a petition for cancellation of removal or the other enumerated forms of discretionary relief."). "[A]n 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of appellate jurisdiction." Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir. 2003). Indeed, this court has concluded that the issue of hardship is committed to agency discretion and thus is

not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001).

Likewise, this court lacks jurisdiction, except as noted in 8 U.S.C. § 1252(a)(2)(D), to review orders denying motions to reconsider the denial of a request for cancellation of removal. Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006) ("When the BIA refuses to reconsider the *discretionary* denial of relief under one of the provisions enumerated in 1252(a)(2)(B) — a decision which is not subject to review in the first place — the court will not have jurisdiction to review *that same denial* merely because it is dressed as a motion to reconsider."). However, this court does have jurisdiction over constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D). Jean, 435 F.3d at 480.

Because Delgadillo does not raise a constitutional claim or a question of law regarding the denial of the motion to reconsider, we lack jurisdiction and dismiss the petition for review from that part of the Board's order.

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2011); see INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that

3

motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). This court will reverse a denial of a motion to reopen "only if it is arbitrary, irrational, or contrary to law." Mosere, 552 F.3d at 400 (internal quotation marks omitted).

This court has recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a *prima facie* case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). We conclude that the Board did not abuse its discretion finding that Delgadillo failed to establish a prima facie case for cancellation of removal and we deny the petition for review from that portion of the Board's order.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART
