**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1167**

_____

ALLAMINE MEALI,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  September 22, 2011      Decided:  October 13, 2011

_____

Before MOTZ, DUNCAN, and DAVIS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Danielle Beach-Oswald, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, P.C., Washington, D.C., for Petitioner.  Tony West, Assistant Attorney General, Derek C. Julius, Senior Litigation Counsel, Deitz P. Lefort, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allamine Meali, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen the proceedings. Because we conclude that substantial evidence supports the Board's finding that Meali did not establish that the evidence was previously unavailable, we deny the petition for review.

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2011); see also INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2011). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]" Id. Meali

2

bears a "heavy burden" in meeting the requirements for reopening. INS v. Abudu, 485 U.S. 94, 110 (1988).

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing Abudu, 485 U.S. at 104-05). This court will reverse a denial of a motion to reopen only if it is "arbitrary, irrational, or contrary to law." Mosere, 552 F.3d at 400 (internal quotation marks omitted).

We conclude that the Board did not abuse its discretion finding that Meali failed to meet his burden and show that the affidavit from the exiled political leader was previously unavailable. The Board was not acting arbitrarily by requiring Meali to provide some details regarding what he did to try to acquire the affidavit prior to the immigration judge's merits hearing. Likewise, we conclude that the Board did not abuse its discretion finding that the mother's statement was not shown to be previously unavailable.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED