UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1661

HAO CHEN,

       Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 28, 2011    Decided: December 15, 2011

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Eric Y. Zheng, New York, New York, for Petitioner. Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Benjamin J. Zeitlin, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hao Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen as untimely and for failing to show changed country conditions. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2011). The time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted). The motion

"shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."  8 C.F.R. § 1003.2(c)(1).  Further, the motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  Id.

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied:  "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief."  Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)).  This court will reverse a denial of a motion to reopen only if it is "'arbitrary, irrational, or contrary to law.'"  Mosere, 552 F.3d at 400 (quoting Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002)).

We have reviewed the record and conclude that the Board did not abuse its discretion by finding that Chen did not show a change in country conditions that would allow for an untimely motion to reopen.  The record before us does not compel a finding that after Chen appeared before the immigration judge

3

there was a change in country conditions in China concerning that government's treatment of members of the China Democracy Party. We also conclude there was no error in the Board's finding that Chen's change in personal circumstances was not a change in country conditions. See Najmabadi v. Holder, 597 F.3d 983, 991 (9th Cir. 2010) (recognizing the "perverse incentive that would result from granting an applicant reopening based on a 'self-induced' change in personal circumstance" such as a "desire to become politically active").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4