UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1882

KESTER IGEMHOKHAI OBOMIGHIE,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 2, 2011          Decided:  January 4, 2012

Before MOTZ, KING, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Kester Igemhokhai Obomighie, Petitioner Pro Se.  Ada Elsie Bosque, Jonathan Aaron Robbins, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kester Igemhokhai Obomighie, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen as untimely and for failing to show a change in country conditions. We deny the petition for review.

We note that the only order before us is the July 19, 2011 order denying Obomighie's motion to reopen. An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2011). The time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009)

2

(citations and internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Further, the motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). This court will reverse a denial of a motion to reopen only if it is "'arbitrary, irrational, or contrary to law.'" Mosere, 552 F.3d at 400 (quoting Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002)).

We conclude that the Board did not abuse its discretion by finding that Obomighie failed to show a change in country conditions that would excuse the late filing of the motion to reopen. We also find that the evidence submitted with

3

his motion to reopen did not show that he was prima facie eligible for relief from removal.

Accordingly, we deny the petition for review. We deny as moot the motion for a stay of removal. We also deny the motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED