**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-2272**

_____

JIBIN CHEN,

               Petitioner,

       v.

ERIC H. HOLDER, JR., Attorney General,

               Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  April 20, 2012      Decided:  April 27, 2012

_____

Before WILKINSON and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Thomas D. Barra, New York, New York, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Nicole J. Thomas-Dorris, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jibin Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen as untimely and for failing to show a change in country conditions. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2011). The time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii).

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2011); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted).

2

The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."  8 C.F.R. § 1003.2(c)(1) (2011).  Further, the motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  Id.

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied:  "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief."  Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)).  This court will reverse a denial of a motion to reopen only if it is "'arbitrary, irrational, or contrary to law.'"  Mosere, 552 F.3d at 400 (citing Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002)).

We have reviewed the record and conclude that the Board did not abuse its discretion finding Chen did not show a change in country conditions that would excuse a late motion to reopen.  There was no error in the Board's finding that Chen's change in personal circumstances was not a change in country

3

conditions. See Najmabadi v. Holder, 597 F.3d 983, 991 (9th Cir. 2010) (recognizing the "perverse incentive that would result from granting an applicant reopening based on a 'self-induced' changed in personal circumstance" such as a sudden desire to become politically active). We further conclude that substantial evidence supports the finding that Chen failed to show an actual change in country conditions.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4