**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2423**

LI JUAN DONG,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 24, 2012                    Decided: June 19, 2012

Before SHEDD, KEENAN, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Zhiyuan Qian, LAW OFFICES OF GERALD KARIKARI, P.C., New York, New York, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, Joseph A. O'Connell, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Li Juan Dong, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her motions to reopen and to reconsider. We deny the petition for review.

A motion to reconsider must specify the errors of law or fact in the immigration judge's prior decision. See 8 U.S.C. § 1229a(c)(6)(c) (2006); 8 C.F.R. § 1003.23(b)(2) (2012). The purpose of a motion to reopen is to present new facts supported by affidavits and other evidentiary materials. An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.23(b)(1), (3). The alien must show that the evidence sought to be offered in a motion to reopen is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.23(b)(3).

This court reviews the denial of either motion for abuse of discretion. Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."

2

<u>Sadhvani v. Holder</u>, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted).  The court will reverse the decision only if it is arbitrary, irrational, or contrary to law. <u>Narine</u>, 559 F.3d at 249.  "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B) (2006).

We have reviewed the record and conclude there was no abuse of discretion.  Dong failed to show that the proposed evidence was not available and could not have been presented at the merits hearing.  She further failed to show that the immigration judge erred as a matter of law by declining to consider the evidence submitted with her written closing argument or that she was denied due process.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

3