**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 12-1823

─────────────

WORKINEH GETACHEW AYELE,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration
Appeals.

─────────────

Submitted:  February 5, 2013      Decided:  February 13, 2013

─────────────

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Alan M. Parra, LAW OFFICE OF ALAN M. PARRA, Silver Spring,
Maryland, for Petitioner.  Stuart F. Delery, Acting Assistant
Attorney General, Melissa Neiman-Kelting, Senior Litigation
Counsel, Leslie McKay, Assistant Director, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Workineh Getachew Ayele, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("Board") order denying his motion to reopen. Ayele claims he established changed country conditions that make him prima facie eligible for relief from removal. We deny the petition for review.

This court reviews the denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); see also 8 C.F.R. § 1003.2(a) (2012). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted).

To establish a change in country conditions, the applicant must present evidence that "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii). Furthermore, "[a] motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8

2

C.F.R. § 1003.2(c)(1).  In determining whether a motion to reopen contains evidence that demonstrates a material change in country conditions that would justify reopening, the Board compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing. In re S-Y-G-, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).  The Board's determination in this regard is a factual finding reviewed for substantial evidence.  See Lopez v. Ashcroft, 366 F.3d 799, 805 (9th Cir. 2004); see also Bi Feng Liu v. Holder, 560 F.3d 485, 491 (6th Cir. 2009); Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir. 2008).  Findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2006).

In addition to identifying the previously unavailable evidence, an applicant seeking to establish changed country conditions must demonstrate his prima facie eligibility for asylum; that is, he must demonstrate that the new evidence would likely alter the result of his case.  See INS v. Abudu, 485 U.S. 94, 104-05 (1988); Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998).

We have reviewed the record and conclude that substantial evidence supports the Board's finding that the conditions that exist presently in Ethiopia are similar to the

conditions that existed at the time of Ayele's merits hearing in 2009 and that country conditions have not materially changed.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4