**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1083

MARY MWIKALI HARRISON,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 10, 2013              Decided: June 14, 2013

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Stuart F. Delery, Principal Deputy Assistant Attorney General, Linda S. Wernery, Assistant Director, James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Mwikali Harrison, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals ("Board"), dismissing her appeal from the immigration judge's order denying her motion to reopen. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (2006); 8 C.F.R. § 1003.23(b) (2013). The time limit does not apply if the basis for the motion is to seek asylum based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.23(b)(4)(i). This court reviews the denial of a motion to reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); see also 8 C.F.R. § 1003.23(b)(3). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a

2

hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3). Also, the motion shall not be granted unless it appears to the immigration judge that the evidence "sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

Here, it is undisputed that Harrison's motion was untimely since it was filed more than ninety days after the immigration judge's order. The Board found that Harrison was not diligent in pursuing her claim that she received ineffective assistance of counsel and thus the ninety day time limit was not equitably tolled insofar as she raised that issue. After reviewing the record and the Board's decision, we will not disturb this finding. Furthermore, we conclude that the Board did not abuse its discretion in finding that Harrison did not substantially comply with the requirements of In re Lozada, 19 I. & N. Dec. 637 (BIA 1988). Barry v. Gonzales, 445 F.3d 741, 747 (4th Cir. 2006).

We note that in her brief, Harrison does not challenge the Board's finding that she did not show a change in country conditions that warrants excusing the ninety day time limit for motions to reopen. Harrison's failure to challenge the Board's findings in this regard results in abandonment of the claim.

3

Suarez-Valenzuela v. Holder, 714 F.3d 241, 248-49 (4th Cir. 2013). She cannot remedy the situation by raising the issue in her reply brief. Id. at 249. Furthermore, she has failed to show that a miscarriage of justice will result if we do not review the issue. Id.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED