**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-2505**

———————

MAMADOU DEMBELE,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted: June 24, 2013        Decided: July 18, 2013

———————

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Kell Enow, ENOW & ASSOCIATES, Marietta, Georgia, for Petitioner. Stuart F. Delery, Principal Deputy Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Channah F. Norman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mamadou Dembele, a native and citizen of the Ivory Coast, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to rescind and reissue the order of removal. We deny the petition for review.

The Board found that insofar as Dembele sought to reopen the proceedings, the motion was both untimely and number-barred. The Board also found that Dembele did not indicate which of the Board's prior orders he wanted to have reissued.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2013). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii) (2013).

This court reviews the denial of a motion to reopen and to rescind for abuse of discretion. 8 C.F.R. § 1003.2(a) (2013); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); see also Maghradze v. Gonzales, 462 F.3d 150, 152 (2d Cir. 2006). The

2

Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2013). Such motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

Under Rule 28 of the Federal Rules of Appellate Procedure, "the argument [section of the brief] . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9). Furthermore, the "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004)

3

(failure to challenge the denial of relief under the CAT results in abandonment of that challenge). In <u>Ogundipe v. Mukasey</u>, 541 F.3d 257, 263 n.4 (4th Cir. 2008), we noted that it was "longstanding Fourth Circuit precedent" not to consider an issue that was forfeited because it was not discussed in the Petitioner's opening brief. Similarly, in <u>Yousefi v. INS</u>, 260 F.3d 318, 326 (4th Cir. 2001), the court held that the Petitioner waived his challenge to the finding that he was deportable for having been convicted of a crime of moral turpitude. The court further noted that the fact that the Petitioner raised the issue in his reply brief does not remedy the situation.

Dembele does not challenge the Board's findings that his motion was untimely and number-barred. Nor does Dembele challenge the Board's finding that he did not specify which of the Board's orders he wanted to have reissued. Thus, Dembele has abandoned review of the Board's order.

In any event, we conclude that the Board did not abuse its discretion in finding Dembele's motion was untimely and number-barred. We further conclude that the Board did not abuse its discretion in denying Dembele's request to reissue an unspecified decision.

4

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED