Filed:  March 9, 2010

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 08-1684

FABRICE K. SADHVANI,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

O R D E R

The court amends its opinion filed December 31, 2009, as follows:

On the cover sheet, section 1 -- the status is changed from "UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- the status line is changed to read:  "Petition for review denied by published opinion.  Judge Gregory wrote the opinion, in which Judge Niemeyer and Judge Davis joined."

On the cover sheet -- the final line referencing the use of unpublished opinions as precedent is deleted.

On page 2, opening of opinion -- "PER CURIAM" is changed to "GREGORY, Circuit Judge."

For the Court - By Direction

    /s/ Patricia S. Connor
Clerk

PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FABRICE K. SADHVANI,

                              *Petitioner,*

            v.

ERIC H. HOLDER, JR., Attorney
General,

                              *Respondent.*

No. 08-1684

On Petition for Review of an Order
of the Board of Immigration Appeals.

Argued: December 1, 2009

Decided: December 31, 2009

Before NIEMEYER, GREGORY, and DAVIS,
Circuit Judges.

Petition for review denied by published opinion. Judge Gregory wrote the opinion, in which Judge Niemeyer and Judge Davis joined.

## COUNSEL

**ARGUED**: Jonathan Ai, Rockville, Maryland, for Petitioner. Paul F. Stone, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Joseph Peter Drennan, Alexandria, Virginia; Paul Shearman

Allen, PAUL SHEARMAN ALLEN & ASSOCIATES, Washington, D.C., for Petitioner. Tony West, Assistant Attorney General, Civil Division, Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

**OPINION**

GREGORY, Circuit Judge:

Fabrice K. Sadhvani, a native and citizen of Togo, seeks review of a Board of Immigration Appeals ("BIA") order denying his motion to reopen his asylum application after we remanded his case for consideration of the issues in light of our opinion in *William v. Gonzalez*, 499 F.3d 329 (4th Cir. 2007) ("*William I*") (invalidating 8 C.F.R. § 1003.2(d), the regulation treating an alien's removal from the United States after filing a motion to reopen as withdrawal of the motion). Because the BIA did not abuse its discretion in denying Sadhvani's motion to reopen, we deny the petition for review.

I.

A.

Sadhvani entered the United States on a non-immigrant student visa on May 26, 1996, and was authorized to remain until March 30, 1997. He applied for asylum in June 1997, and removal proceedings were initiated against him in July when he was served with a notice to appear before the immigration court. He sought relief in the form of an application for asylum, withholding of removal and protection under the Convention Against Torture at a hearing on the merits. The immigration judge ("IJ") denied Sadhvani's applications for relief, and granted him voluntary departure until November 2,

1998, with a removal order to take effect in the event that he did not depart from the United States. The IJ ruled that his testimony was not credible and that he failed to establish a well-founded fear of future persecution. The BIA affirmed the IJ's decision in December 2002, and in response, Sadhvani filed a motion to reopen his asylum application. The BIA denied the motion on February 14, 2003, and Sadhvani filed a motion to reconsider, which was also denied. On April 7, 2003, the United States Immigration and Naturalization Service ("INS") issued a warrant of removal based on the final order of removal issued by the IJ on September 1, 1998.

B.

On December 15, 2005, Sadhvani filed his second motion to reopen, which is at issue in this appeal. In his second motion to reopen, he argued that his application was entitled to further review under 8 C.F.R. § 1003.23(b)(4)(i), which excepts motions which are based on changed country conditions from the filing deadline requirement. He simultaneously requested a stay of his removal, which the BIA denied on December 22, 2005. The Department of Homeland Security ("DHS") removed Sadhvani to Togo on December 28, 2005, pursuant to the order of removal issued November 2, 1998. No notification of removal was sent to the INS, despite Sadhvani's pending motion to reopen.

On March 21, 2006, the BIA granted his motion to reopen, finding that Sadhvani "met the standards for reopening based on new evidence of changed circumstances." (J.A. 109.)[1] Because Sadhvani was no longer in the country, DHS filed a motion to reconsider the grant of Sadhvani's motion to reopen in light of 8 C.F.R. § 1003.2(d). DHS argued that the BIA did not have jurisdiction over the motion because Sadhvani was removed from the United States and therefore under the regu-

_____

[1]All references to the "J.A. _" are to the Joint Appendix filed with the briefs in this case.

lation, his motion was automatically withdrawn. The BIA granted the motion on February 28, 2007, and Sadhvani filed an appeal with this Court. We granted his petition for review and remanded his case to the BIA in light of our decision in *William I*. Upon remand, the BIA denied his motion to reopen on the ground that it was number-barred under Section 240(c)(7)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a(c)(7)(A). (J.A. 2.) Alternatively, the BIA found that even if his motion were not number-barred, the motion should be denied because Sadhvani was not eligible for the relief he sought. Namely, under 8 U.S.C. § 1158(a)(1), only an alien who is "physically present in the United States" may apply for asylum. It reasoned that because Sadhvani was removed pursuant to a valid removal order, he could not challenge his removal, nor was he eligible for asylum. This appeal followed.

## II.

This Court has jurisdiction to review Sadhvani's petition of the BIA's final order of removal under 8 U.S.C. § 1252(a)(2)(D). We review the BIA's denial of a motion to reopen asylum claims under the abuse of discretion standard. *Hui Zheng v. Holder*, 562 F.3d 647, 651 (4th Cir. 2009) (citing *INS v. Doherty*, 502 U.S. 314, 323-24 (1992)). In applying this standard, the BIA should be reversed "only if the decision is arbitrary, capricious, or contrary to law." *Massis v. Mukasey*, 549 F.3d 631, 636 (4th Cir. 2008) (citing *Afanwi v. Mukasey*, 526 F.3d 788, 794 (4th Cir. 2008) (vacated and remanded on other grounds) (additional citations omitted)). "The BIA's denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Massis*, 549 F.3d at 636 (quoting *Barry v. Gonzales*, 445 F.3d 741, 744-45 (4th Cir. 2006)).

### III.

Petitioner argues that this Court should grant him extraordinary relief because of the injustice that inures when an alien is removed during the pendency of a motion to reopen.[2] The situation is further compounded where the BIA granted Sadhvani relief five months after he was deported. He points to our opinion in *William I* to support the argument that his presence in the United States is irrelevant to whether or not his motion to reopen should be considered by the BIA. The government maintains that because Sadhvani was removed pursuant to a valid order of removal, and is no longer eligible for asylum, the order denying his motion to reopen was not an abuse of discretion. Because the BIA did not abuse its discretion in denying Sadhvani's motion to reopen, we deny his petition for review.

In *William I*, we held that the regulation promulgated by the agency, 8 C.F.R. § 1003.2(d), was invalid because it directly contradicted the statutory language in the INA which permitted one motion to reopen with no restriction on the location from which it was filed. *William I*, 499 F.3d at 332 (citing 8 C.F.R. § 1229a(c)(7)(A)). In light of the explicit language in the statute "provid[ing] an alien with the right to file one motion to reopen, regardless of whether [the alien] is within or without the country," we remanded William's case to the BIA to be addressed on the merits, since the regulation no longer operates to remove its jurisdiction. Although petitioner correctly asserts that the BIA has jurisdiction to entertain his motion, the BIA did not abuse its discretion in denying relief based on the statutory requirement that one

---

[2]The government noted in oral argument that it is common practice for aliens to be removed pursuant to valid orders of removal during the pendency of a motion before the immigration court. The practice is checked by the availability of a stay of removal which would hold the order in abeyance while proceedings are pending. The motion for a stay was denied in this case.

must be present in the United States to be eligible for asylum. *See* 8 U.S.C. § 1158(a)(1).[3] Because Sadhvani was removed pursuant to a valid order of removal, he no longer can pursue his asylum application.

## IV.

Based on the foregoing, we deny the petition for review.

*PETITION FOR REVIEW DENIED*

---

[3]Because we find the BIA was correct in holding that Sadhvani's claim was barred by the INA due to his presence outside the country, we need not consider the number-barred ground for denying Sadhvani relief.