**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2275**

BERNARD LAURENT EWONDO,

               Petitioner,

          v.

ERIC H. HOLDER, JR., U.S. Attorney General,

               Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  July 14, 2010            Decided:  July 23, 2010

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner.  Tony West, Assistant Attorney
General, Linda S. Wernery, Assistant Director, Theodore C. Hirt,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Ewondo, a native and citizen of Cameroon, petitions for review an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. We deny the petition for review.

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2010); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir.), cert. denied, 130 S. Ct. 137 (2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2010). Such motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

Because Ewondo failed to show that the evidence submitted with his motion to reopen was not available and could

not have been presented at the hearing, the Board did not abuse its discretion denying the motion.

Insofar as Ewondo seeks to challenge the Board's order dismissing his appeal from the immigration judge's order, we are without jurisdiction. Pursuant to 8 U.S.C. § 1252(b)(1) (2006), Ewondo had thirty days from the date of the Board's order to petition this court for review. This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). Further, it is "not subject to equitable tolling." Id.; see Fed. R. App. P. 26(b) (prohibiting this court from extending the time to file "a petition to . . . review an order of an administrative agency, board, commission, or officer of the United States, unless specifically authorized by law"). The Board's order dismissing his appeal was filed December 11, 2008. Ewondo did not file the petition for review until November 10, 2009, or clearly beyond the thirty-day period in which to file petitions for review. Thus, this court is without jurisdiction to review the December 11, 2008 order.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3