**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 10-2139**

———

CONSTANTIN RUSU,

          Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

          Respondent.

———

On Petition for Review of an Order of the Board of Immigration Appeals.

———

Submitted:  March 10, 2011        Decided:  April 11, 2011

———

Before KING, SHEDD, and DAVIS, Circuit Judges.

———

Petition denied by unpublished per curiam opinion.

———

Constantin Rusu, Petitioner Pro Se.  Puneet Cheema, Tyrone Sojourner, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Constantin Rusu, a citizen and native of Romania, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his third motion to reopen. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2010). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii).

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2010); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted). The motion "shall state the new facts that will be proven at a

2

hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2010). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id. This court will reverse a denial of a motion to reopen only if it is "'arbitrary, irrational, or contrary to law.'" Mosere, 552 F.3d at 400 (citing Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002)).

Because this is Rusu's third motion to reopen, the motion is clearly barred by the numerical limitations. It is also untimely, having not been filed within ninety days of the final administrative decision. See 8 C.F.R. § 1003.2(c)(2).

We conclude that the Board did not abuse its discretion by denying Rusu's third motion to reopen. He failed to show changed conditions in Romania that would warrant reopening on his behalf. Furthermore, this court does not have jurisdiction to review the Board's decision denying sua sponte reopening. Mosere, 552 F.3d at 400-01.

Accordingly, we deny the petition for review. We also deny Rusu's motion for appointment of counsel. We grant his motion to proceed in forma pauperis. We also grant the Attorney General's motion to designate the administrative record as the

3

appendix.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED