**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-1523**

———————

FREDDIE LUBOYA MUSANGU,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted: June 11, 2012        Decided: July 2, 2012

———————

Before KING, DAVIS, and DIAZ, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Freddie Luboya Musangu, Petitioner Pro Se.  Nicole J. Thomas-Dorris, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Luboya Musangu, a native and citizen of the Democratic Republic of the Congo, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his motion to reopen. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.23(b) (2012). The time limit does not apply if the basis for the motion is to seek asylum based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.23(b)(4)(i).

This court reviews the denial of a motion to reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); see also 8 C.F.R. § 1003.23(b)(3) (2012). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a

2

hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3). Also, the motion shall not be granted unless it appears to the immigration judge that the evidence "sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

We have reviewed the record and conclude that substantial evidence supports the finding that Musangu did not file a timely motion to reopen and that his evidence was repetitive of evidence submitted prior to the merits hearing and it did not show a change in country conditions that would warrant excusing the late motion.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3