**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1028**

ALMAMY KOUROUMA,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 12, 2012                Decided:  July 19, 2012

Before AGEE, DAVIS, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Tony West, Assistant Attorney General, Stephen J. Flynn, Assistant Director, Jeffrey R. Meyer, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Almamy Kourouma, a native and citizen of Guinea, petitions for review of the December 5, 2011 order of the Board of Immigration Appeals ("Board") denying his motions for reopening and for reconsideration. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.23(b) (2012). The time limit does not apply if the basis for the motion is to seek asylum based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.23(b)(4)(i).

This court reviews the denial of a motion to reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323–24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); see also 8 C.F.R. § 1003.23(b)(3) (2012). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a

2

hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3). Also, the motion shall not be granted unless it appears to the immigration judge that the evidence "sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

A motion to reconsider must specify the errors of law or fact in the immigration judge's prior decision. See 8 U.S.C. § 1229a(c)(6)(c) (2006); 8 C.F.R. § 1003.23(b)(2) (2012). This court reviews the denial of a motion for reconsideration for abuse of discretion. Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). The court will reverse the Board's decision only if it is arbitrary, irrational, or contrary to law. Narine, 559 F.3d at 249. "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006).

We conclude that substantial evidence supports the finding that Kourouma's evidence accompanying his motion to reopen did not establish a material change in country conditions that would affect his eligibility for asylum, withholding from removal or relief under the Convention Against Torture. We also

conclude that Kourouma failed to show there was an error of law or fact that would warrant reconsideration of the prior order.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4