**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-1846**

—————

ARTURO ROMAN-ORIHUELA,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

—————

On Petition for Review of an Order of the Board of Immigration
Appeals.

—————

Submitted:  January 24, 2013          Decided:  June 10, 2013

—————

Before GREGORY and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————

Petition denied by unpublished per curiam opinion.

—————

Jaime W. Aparisi, Silver Springs, Maryland, for Petitioner.
Stuart F. Delery, Acting Assistant Attorney General, Janice K.
Redfern, Senior Litigation Counsel, Sarah Maloney, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arturo Roman-Orihuela ("Roman"), a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("Board") December 30, 2011 final order of removal and the June 18, 2012 order denying his motion to reopen. Roman claims he was denied due process at the immigration hearing due to poor interpretation and translation. He also claims that the Board abused its discretion denying his request to consolidate his case with his wife's asylum application. We deny the petition for review.

The Board issued the final order of removal on December 30, 2011, erroneously indicating that Roman was to be removed to Guatemala instead of Peru. Roman filed a timely motion to reopen seeking to consolidate his case with his wife's asylum case and to have the Board change the country of removal from Guatemala to Peru. On June 12, 2012, the Board denied consolidation. The Board recognized the error in the December 30, 2011 order of removal and vacated the language stating that Roman should be removed to Guatemala and further ordered that Roman be removed to Peru. The Board reissued the June 12, 2012 decision on June 18, 2012, because it was mailed to the wrong address for Roman's counsel.

Roman contends he was denied due process during the immigration hearing because he was not provided with a competent

2

interpreter. The Board rejected the due process claim, finding that Roman failed to show he was prejudiced. To succeed on a due process claim in an asylum or deportation proceeding, Roman must establish two closely linked elements: (1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case. Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008). In order to establish prejudice, Roman must show that the defect likely impacted the results of the proceedings. Id. We have reviewed the record and agree with the Board that Roman's claim fails because he did not show he was prejudiced by the allegedly poor interpreter.[*]

After the Board issued the December 30, 2011 decision, Roman was married to a Peruvian who entered the United States in May 2011. His spouse was in removal proceedings and she had filed an application for asylum and withholding of removal. Roman requested that the Board consolidate his removal proceedings with his wife's removal proceedings so that he might

---

[*] The Attorney General argues that this court does not have jurisdiction over the December 30, 2011 order because Roman did not file a timely petition for review from that order. We conclude that the Board's subsequent June 12, 2012 order, reissued on June 18, 2012, which amended the December 30 order and further ordered that Roman be removed to Peru, effectively reissued the December 30 order. Thus, Roman's July 10, 2012 petition for review is timely as to the amended December 30 order and we have jurisdiction. See 8 U.S.C. § 1252(b)(1) (2006).

3

be eligible for relief as a derivative applicant. The Board denied his request for reopening, finding there was no adequate basis for consolidation.

"A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c) (2013). The denial of a motion to reopen is reviewed for abuse of discretion. 8 C.F.R. § 1003.2(a); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). The Board has discretion to deny a motion to reopen even if the Petitioner has made out a prima facie case for relief. 8 C.F.R. § 1003.2(a). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted).

We conclude that the Board did not abuse its discretion denying reopening. In his motion to reopen, Roman did not show that he was an eligible spouse for derivative asylum purposes. See 8 C.F.R. § 1208.21 (2013) (a spouse may also be granted asylum if the spouse accompanied or followed to join the principal alien); see also 8 C.F.R. § 207.7(a) (2013)

4

(defining a spouse who accompanies the principal alien and a spouse who follows to join the principal alien). We also note that Roman failed to show that his wife was prima facie eligible for the relief she sought or that their marriage was bona fide and not entered into for the purpose of gaining an immigration benefit.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

5