**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1109**

KHALID OMER OBEID BAAGMIL,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 24, 2013          Decided: July 9, 2013

Before WILKINSON, KING, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Tamar L. Jones, FAYAD LAW P.C., Falls Church, Virginia, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Keith L. McManus, Senior Litigation Counsel, Timothy G. Hayes, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khalid Omer Obeid Baagmil, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2013). The time limit does not apply if the basis for the motion is to seek asylum based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

This court reviews the denial of a motion to reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); see also 8 C.F.R. § 1003.23(b)(3) (2013). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a

2

hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3). Also, the motion shall not be granted unless it appears to the immigration judge that the evidence "sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

We conclude that the Board did not abuse its discretion in finding that Baagmil did not show a change in country conditions that would excuse the ninety day period for filing a motion to reopen. Because Baagmil did not show a change in country conditions in Ethiopia, the Board did not need to consider whether he was prima facie eligible for asylum or related relief. We further conclude that the Board did not abuse its discretion in denying reopening based on Baagmil's claim that he wanted to apply for adjustment of status.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

3