**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2382**

HERBERT ANTONIO QUINTANILLA,

           Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

           Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 26, 2013       Decided:  August 7, 2013

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Stuart F. Delery, Principal Deputy Assistant Attorney General, Shelley R. Goad, Assistant Director, Jennifer R. Khouri, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Antonio Quintanilla, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reconsider and remand. We deny the petition for review.

Quintanilla had thirty days to timely file a petition for review. See 8 U.S.C. § 1252(b)(1) (2006). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). The filing of a motion to reopen or reconsider with the Board does not toll the thirty-day period for seeking review of an underlying decision. Id. at 394. Accordingly, our review is limited to the propriety of the Board's October 10, 2012 order denying Quintanilla's motion to reconsider and remand. We lack jurisdiction to review the August 17, 2011 order dismissing the appeal from the immigration judge's order and the April 12, 2012 order denying the first motion to reopen.

The Board's denial of reconsideration and reopening is reviewed for abuse of discretion.[*] 8 C.F.R. § 1003.2(a) (2013); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Mosere v. Mukasey, 552 F.3d

---

[*] Because Quintanilla submitted new evidence with the motion, the Board also construed the motion to reconsider as a motion to reopen.

2

397, 400 (4th Cir. 2009). A motion to reconsider asserts that the Board made an error in its earlier decision. The motion "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). We will reverse a denial of a motion to reconsider "only if the Board acted arbitrarily, irrationally, or contrary to law." Narine, 559 F.3d at 249 (internal quotation marks and citation omitted).

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted). The motion "shall state the new facts that will be proven at a

3

hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Such motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

We conclude that the Board did not abuse its discretion in denying reconsideration or reopening. The record supports the finding that Quintanilla did not show that there was an error of law or fact in the Board's earlier decisions that would warrant reconsideration. We also note that insofar as Quintanilla sought reopening by submitting new evidence, substantial evidence supports the finding that he failed to show that his motion was timely and that the new evidence was previously unavailable and could not have been discovered or presented at his hearing before the immigration judge.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

4