**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1545**

HARVINDERJIT SINGH SAHI,

                    Petitioner,

          v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 25, 2016          Decided:  November 8, 2016

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Harvinderjit Singh Sahi, Petitioner Pro Se.  Sheri Robyn Glaser, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harvinderjit Singh Sahi, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reopen. For the reasons set forth below, we deny the petition for review.

An alien may file one motion to reopen within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2012); 8 C.F.R. § 1003.2(c)(2) (2016). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); accord 8 C.F.R. § 1003.2(c)(3)(ii).

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2016); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8

2

C.F.R. § 1003.2(c)(1).  It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  Id.

Here, the Board correctly found that Sahi's motion was untimely because it was not filed within 90 days of the final administrative decision.  8 C.F.R. § 1003.2(c)(2).  We further conclude that substantial evidence supports the finding that Sahi failed to establish changed country conditions excusing a late motion to reopen.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED