**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1867**

EVER JOSUE CRUZ-GUILLEN,

        Petitioner,

    v.

DANA JAMES BOENTE, Acting Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 19, 2017     Decided:  February 7, 2017

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Andrew W. Clopman, ANDREW W. CLOPMAN, P.A., Stuart, Florida, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Mary Jane Candaux, Assistant Director, Matthew A. Connelly, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ever Josue Cruz-Guillen, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reconsider and reopen. For the reasons set forth below, we deny the petition for review.

The denial of a motion to reconsider is reviewed for abuse of discretion. 8 C.F.R. § 1003.2(a) (2016); Urbina v. Holder, 745 F.3d 736, 741 (4th Cir. 2014); Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009). A motion to reconsider asserts that the Board made an error in its earlier decision. The movant must specify the error of fact or law in the Board's prior decision. See 8 C.F.R. § 1003.2(b)(1) (2016). We will reverse the denial of a motion to reconsider "only if the Board acted arbitrarily, irrationally, or contrary to law." Narine, 559 F.3d at 249 (internal quotation marks omitted).

We also review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009)

2

(internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2016). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

"[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2012). Legal issues are reviewed de novo, "affording appropriate deference to the [Board's]'s interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This Court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We conclude that the Board did not abuse its discretion in denying reconsideration and reopening. Cruz-Guillen failed to specify an error of law or fact concerning the Board's finding that he failed to show a nexus between past persecution or fear of future persecution and a protected ground. Additionally,

3

substantial evidence supports the finding that the previously unavailable evidence did not show that Cruz-Guillen was targeted or that there is a reasonable possibility that he will be harmed on account of his membership in a particular social group.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4