**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1326**

ANTONIO JOSE ZAMBRANO REYES,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: May 9, 2019                                    Decided: July 19, 2019

Before MOTZ, AGEE, and HARRIS, Circuit Judges.

Petition for review denied by unpublished per curiam opinion.

**ARGUED:** Guido Moreira, LAW OFFICE OF GUIDO MOREIRA, Brooklyn, New York, for Petitioner. Virginia Lee Gordon, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Sam H. Hasan, HASAN LAW GROUP, PLLC, Falls Church, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Terri J. Scadron, Assistant Director, Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Antonio Jose Zambrano Reyes, a noncitizen, was ordered removed from the United States.  Zambrano Reyes did not judicially appeal that determination.  Instead, two months later, he filed a motion to reopen his immigration proceedings, which the Board of Immigration Appeals denied.  In this appeal, Zambrano Reyes argues that the immigration judge lacked authority to order his removal in the first place and, alternatively, that the Board erred by refusing to reopen his case.

We disagree.  First, we recently considered and rejected the argument at the heart of Zambrano Reyes's appeal:  that an alleged filing defect deprived the immigration judge of "jurisdiction" over his removal proceedings, rendering the entire administrative process void.  *See United States v. Cortez*, No. 19-4055 (4th Cir. July 17, 2019).  And second, we conclude that the Board did not abuse its discretion in denying Zambrano Reyes's motion to reopen.

**I.**

Zambrano Reyes challenges only the process by which his immigration proceedings were commenced and then the Board's refusal to reopen the proceedings after they concluded – but not the actual removal decision that came between.  Accordingly, we focus on the facts relevant to the start and end of Zambrano Reyes's immigration case.

Zambrano Reyes is a citizen of Mexico who unlawfully entered the United States in 1996.  In 2013, the Department of Homeland Security ("Department") commenced

2

removal proceedings against Zambrano Reyes, serving him with a document labeled "Notice to Appear" that advised him of the charges against him. The notice provided Zambrano Reyes with the location of the immigration court where his removal proceedings would be held, but did not provide the time of the hearing, instead stating that it would be held "on a date to be set at a time to be set." A.R. 480. That notice was filed with the immigration court on October 24, 2013, and five days later, the court sent Zambrano Reyes a follow-up notice providing the date and time of his hearing.

Zambrano Reyes attended that hearing, represented by counsel. He conceded his unlawful presence, but sought "cancellation of removal," which allows certain noncitizens who have been physically present in the country for at least ten years to gain permanent residence, 8 U.S.C. § 1229b(b). The immigration judge found that Zambrano Reyes was ineligible for cancellation of removal, and the Board of Immigration Appeals ("Board") affirmed that determination on administrative appeal. Zambrano Reyes did not judicially appeal the Board's denial of his administrative appeal.

The Board's order granted Zambrano Reyes 60 days to voluntarily depart the country. *See* 8 U.S.C. § 1229c (governing voluntary departure). The parties agree that Zambrano Reyes did not exit the country during his 60-day departure window. After the window closed, he filed a motion to reopen his immigration proceeding. According to Zambrano Reyes, he was now eligible for permanent residency due to a newly-filed petition under the Violence Against Women Act ("VAWA"), which provides such relief

3

to certain noncitizens who were "battered or . . . the subject of extreme cruelty" by their spouse, *id.* § 1154(a)(1)(A)(iii)(I)(bb).[1]

The Board disagreed, and denied the motion to reopen. Because Zambrano Reyes had overstayed his grant of voluntary departure, the Board explained, he was ineligible for further immigration relief – including the VAWA relief that he sought – for ten years. *See id.* § 1229c(d)(1). The Board recognized an exception to this rule for VAWA petitioners who demonstrate that "extreme cruelty or battery was at least one central reason" for "overstaying the grant of voluntary departure," *id.* § 1229c(d)(2). But Zambrano Reyes had not met that standard, the Board found, because his motion "ma[de] no such assertion" that the alleged battery caused his overstay. A.R. 4. Accordingly, the Board concluded, Zambrano Reyes was ineligible for VAWA relief, and there was no basis for reopening his removal proceedings.

Zambrano Reyes timely petitioned this court for review of the Board's denial of his motion to reopen his immigration proceedings.

## II.

Zambrano Reyes raises two alternative arguments on appeal. First and foremost, he argues that because the notice filed with the immigration court at the start of his proceedings did not include a date and time for his hearing, "jurisdiction" never vested in

---

[1] Zambrano Reyes also moved for reconsideration of the Board's decision denying his claim for cancellation of removal, but the Board denied that motion as untimely, and Zambrano Reyes does not challenge that ruling on appeal.

that court, with the result that the entire proceeding – including the grant of voluntary departure – is void. In the alternative, and assuming jurisdiction vested in the immigration court, Zambrano Reyes contends that the Board abused its discretion in denying his motion to reopen. We disagree on both counts, as explained below.

**A.**

We begin with Zambrano Reyes's claim that the immigration court lacked "jurisdiction" over his removal proceedings because his hearing date and time were omitted from the notice filed with the immigration court at the outset of his case.

Under the regulations governing removal proceedings, proceedings commence and "[j]urisdiction vests" with the immigration judge when a "charging document" is filed by the government with the immigration court. 8 C.F.R. § 1003.14(a). The regulations list three documents that may qualify as "charging document[s]," including a "[n]otice to [a]ppear." *Id.* § 1003.13. The regulatory requirements for a "notice to appear" do not include the date and time for a hearing, *id.* § 1003.15(b)–(c); that information may be provided to a noncitizen later, by the immigration court itself, *id.* § 1003.18(b). But the Immigration and Nationality Act ("INA") also refers to a "notice to appear," and defines that document to include "[t]he time and place at which [removal] proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i); *see also Pereira v. Sessions*, 138 S. Ct. 2105, 2114 (2018) (confirming that notice to appear under § 1229(a) "include[s] . . . the time and place of the removal proceedings"). Relying on that statutory provision, Zambrano Reyes argues that because the notice filed in his case omitted his hearing date and time, it

5

did not vest the immigration court with "jurisdiction," rendering the entire proceedings – including the resulting order of removal and grant of voluntary departure – null.

We recently rejected the same basic claim in *United States v. Cortez*, No. 19-4055 (4th Cir. July 17, 2019). First, as we explained, the regulation on which Zambrano Reyes's argument rests – 8 C.F.R. § 1003.14(a) – is not "jurisdictional in the formal sense," but instead is "more like a docketing rule, providing for the orderly administration of proceedings . . . before the immigration judges." *Cortez*, slip op. at 16, 20 (internal quotation marks omitted). Accordingly, a violation of § 1003.14(a) is not of jurisdictional significance and would not deprive an immigration court of authority to adjudicate a case. *Id.* at 21. Moreover, because it does not affect an immigration court's adjudicatory authority, a claim that § 1003.14(a) has been violated may be forfeited – as it was here, when Zambrano Reyes failed to exhaust his claim by presenting it first to the agency. *See* 8 U.S.C. § 1252(d)(1) (limiting judicial review of claims that have not been exhausted administratively).[2]

Second, Zambrano Reyes is in any event wrong on the merits: The notice to appear filed to commence his proceedings complied with 8 C.F.R. § 1003.14(a). Whether a case is properly docketed with an immigration court under § 1003.14(a), we held in *Cortez*, turns on whether a notice to appear satisfies the lengthy requirements set out in the adjacent regulations at 8 C.F.R. § 1003.15(b)–(c) – which do not mandate

---

[2] Whether normal forfeiture rules would apply to an error that *did* affect the adjudicatory authority of an administrative tribunal – as opposed to an Article III court – is an issue we need not address. *See Cortez*, slip op. at 13.

6

inclusion of the date and time of a subsequent hearing in that initial filing. *Cortez*, slip op. at 21–30. Statutory § 1229(a), on which Zambrano Reyes relies, is concerned with the different issue of notice to noncitizens, and has no bearing on whether a "notice to appear" filed with an immigration court properly commences proceedings under 8 C.F.R. § 1003.14(a). *Id.*[3]

## B.

That leaves Zambrano Reyes's alternative argument:  that the Board abused its discretion in denying his motion to reopen his immigration proceedings.  Once again, we disagree.

We begin by emphasizing the abuse-of-discretion standard that we apply to the Board's denial of a motion to reopen.  Such a denial is "reviewed with extreme deference," and "should be reversed only if the decision is arbitrary, capricious, or contrary to law." *Sadhvani v. Holder*, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted).  Factual findings are reviewed for substantial evidence, and are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Vasquez v. Barr*, 919 F.3d 218, 222 (4th Cir. 2019) (internal quotation marks omitted).  Zambrano Reyes cannot meet that high standard.

---

[3] Because Zambrano Reyes does not allege a statutory violation, we do not address whether the two-step notice he received – first, service of the notice to appear at issue; and second, notification by the immigration court of the date and time of his hearing – satisfies the statutory notice requirements laid out in 8 U.S.C. § 1229(a). *See Cortez*, slip op. at 26 n.6.

Zambrano Reyes's argument focuses on the statutory exception that allows for VAWA relief even if a petitioner has failed to depart during a voluntary-departure window where the petitioner can show that "the extreme cruelty or battery was at least one central reason" for "overstaying the grant of voluntary departure," 8 U.S.C. § 1229c(d)(2). According to Zambrano Reyes, the Board erred in its factual determination that the alleged battery perpetrated against him was not a "central reason" for his overstay of his 60-day window to depart the country, noting that the alleged batteries occurred just days before the window closed and that he filed his motion to reopen almost immediately. But Zambrano Reyes never asserted before the Board that he qualified for the § 1229c(d)(2) exception; indeed, he never even acknowledged in his motion to reopen that he had overstayed his departure period. In the absence of any argument to the contrary, the Board reasonably concluded that Zambrano Reyes had not established that the alleged battery was a central reason for his failure to comply with the terms of his voluntary-departure order.

Zambrano Reyes also contends that the Board erred by treating the VAWA exception as discretionary, stating that eligible applicants "may" qualify for relief under the statute when in fact the exception outlined in § 1229c(d)(2) "shall" apply to qualifying noncitizens. *Compare* A.R. 4 ("Certain VAWA self-petitioners may be exempt from the consequences for failing to depart under a voluntary-departure order if they can establish [the criteria of § 1229c(d)(2)]"), *with* 8 U.S.C. § 1229c(d)(2) (restrictions on relief if petitioner overstays voluntary departure "shall not apply" if "extreme cruelty or battery was at least one central reason" for overstaying). But there is

8

no indication that the Board in fact misconstrued § 1229c(d)(2). On the contrary: It is perfectly clear that the Board denied Zambrano Reyes's application because it found that he failed to qualify under § 1229c(d)(2), not because it was laboring under a misapprehension that it could deny relief to a petitioner who *did* qualify. *See United States v. Shrader*, 675 F.3d 300, 308 (4th Cir. 2012) (stating that we need "not minutely parse" a decision on review and can consider it "as a whole and in [full] context" (internal quotation marks omitted)).

## III.

For the foregoing reasons, we deny the petition for review.

*PETITION FOR REVIEW DENIED*