**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1912

LUIS ARMANDO SOTO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 20, 2019                          Decided: August 30, 2019

Before WILKINSON, KING, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Luis Armando Soto, Petitioner Pro Se.  Giovanni Di Maggio, John Frederick Stanton, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Armando Soto, a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals (Board) denying his numerically barred second motion to reopen. We deny the petition for review.

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.23(b)(3) (2019); *INS v. Doherty,* 502 U.S. 314, 323-24 (1992); *Mosere v. Mukasey,* 552 F.3d 397, 400 (4th Cir. 2009). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Sadhvani v. Holder,* 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The Board's decision will be reversed only if it is "arbitrary, capricious, or contrary to law." *Id.* (internal quotation marks omitted).

Soto fails to object to the Board's finding that his second motion to reopen was numerically barred. An alien may file one motion to reopen within 90 days after the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A) (2012); 8 C.F.R. § 1003.2(c)(2) (2019). Furthermore, Soto fails to show that he was prejudiced by counsel's performance. *See In re Lozada*, 19 I. & N. Dec. 637, 640 (B.I.A. 1988) (noting that petitioner must show prejudice from counsel's conduct). Even if Soto's convictions were not for crimes involving moral turpitude, he was removable for having entered the United States without being admitted or paroled. In any event, Soto failed to establish that he was eligible for cancellation of removal because he did not show that his removal would be an exceptional and extremely unusual hardship to his "spouse, parent, or child, who is a citizen of the

2

United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D) (2012).

Lastly, Soto's jurisdictional argument concerning the notice to appear is without merit. Soto argues that the IJ lacked jurisdiction because the notice to appear that was filed with the immigration court pursuant to 8 C.F.R. § 1003.14(a) did not indicate the time and place for his hearing, and therefore "jurisdiction" did not "vest[]" under that regulation. *See also id.* § 1003.13 (listing a "notice to appear" as one of the charging documents satisfying § 1003.14(a)); 8 U.S.C. § 1229(a)(1)(G)(i) (listing "[t]he time and place at which [removal] proceedings will be held" as required contents of a "notice to appear"). We recently rejected the same basic claim in *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019), for two reasons. First, we explained, § 1003.14(a) is a "docketing rule" lacking jurisdictional significance, meaning that a violation of that rule would not deprive an immigration court of authority to adjudicate a case. *Id.* at 358. And second, we further explained in *Cortez* that whether a case is properly docketed with the immigration court under § 1003.14(a) turns on whether the notice filed with the immigration court satisfies the distinct requirements set out at 8 C.F.R. § 1003.15(b)–(c) – which do not mandate inclusion of the hearing date and time. *Cortez*, 930 F.3d at 359-63. The notice filed with the immigration court in Soto's case conformed to that regulatory definition and Soto's claim fails on the merits.

Accordingly, we deny the petition for review and deny Soto's motion for appointment of counsel. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*