**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1787**

ABALO MAWAKI ALITI,

                Petitioner,

      v.

WILLIAM P. BARR, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 20, 2020                Decided: February 28, 2020

Before WILKINSON, KING, and AGEE, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Daniel G. Anna, ANNA & ANNA, P.C., Media, Pennsylvania, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Emily Anne Radford, Assistant Director, Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abalo Mawaki Aliti, a native and citizen of Togo, petitions for review of the Board of Immigration Appeals' order denying his motion to reopen. We deny the petition for review in part and dismiss it in part.

An alien may file one motion to reopen within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2018); 8 C.F.R. § 1003.2(c)(2) (2019). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, if the alien's evidence of the same "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *accord* 8 C.F.R. § 1003.2(c)(3)(ii) (2019).

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2019); *INS v. Doherty*, 502 U.S. 314, 323-24 (1992); *Mosere v. Mukasey*, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Sadhvani v. Holder*, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2019). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.*

2

There is no dispute that Aliti's motion to reopen was untimely because it was not filed within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). We have reviewed Aliti's arguments on appeal, in conjunction with the administrative record, and conclude that substantial evidence supports the Board's finding that Aliti failed to establish a material change in country conditions so to excuse the late-filed motion to reopen. *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (providing for substantial evidence review of the Board's factual findings related to its evaluation of evidence of a purported material change in country conditions); *see also Liu Jin Lin v. Barr*, 944 F.3d 57, 62 (1st Cir. 2019) ("It is well settled that the persistence of negative conditions, regardless of how grave they are, is insufficient to establish changed country conditions and, thus, warrant reopening."). The Board thus did not abuse its discretion in denying Aliti's motion to reopen.

Additionally, Aliti assigns error to the Board's September 28, 2005 summary affirmance of the Immigration Judge's order of removal. But the only order currently before us is the Board's June 28, 2019 order denying reopening. Because we lack jurisdiction to consider issues and arguments related to the Board's prior order, *see* 8 U.S.C. § 1252(b)(1) (2018) (providing that petition for review must be filed no later than 30 days after date of Board's final order); *Stone v. INS*, 514 U.S. 386, 405 (1995) (noting that this time period is "mandatory and jurisdictional" (internal quotation marks omitted)), we dismiss the petition for review as to this claim.

Accordingly, we deny the petition for review in part and dismiss it in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*