**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-1355**

DIRMA DENISSE CASTILLO-TORRES,

Petitioner,

v.

ROBERT M. WILKINSON, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 26, 2021                     Decided:  March 5, 2021

Before THACKER, RICHARDSON, and RUSHING, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Jeffrey B. Clark, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Office of Immigration Litigation, Remi Da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dirma Denisse Castillo-Torres (Castillo), a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals adopting and affirming the immigration judge's order denying Castillo's motion to reopen. We deny the petition for review in part and dismiss it in part.

An alien may file one motion to reopen within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.23(b)(1) (2020). These time and numerical limits do not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, if the alien's evidence of the same "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *accord* 8 C.F.R. § 1003.23(b)(4)(i) (2020).

We review the denial of a motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Mosere v. Mukasey*, 552 F.3d 397, 400 (4th Cir. 2009). The agency's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Sadhvani v. Holder*, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3) (2020). It "will not be granted unless the Immigration Judge is satisfied that evidence

2

sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.*

There is no dispute that Castillo's motion to reopen, filed with the immigration court, was both time- and number-barred. 8 C.F.R. § 1003.23(b)(1). We have reviewed Castillo's arguments on appeal, in conjunction with the administrative record, and conclude that substantial evidence supports the IJ's finding, affirmed by the Board, that Castillo failed to establish a material change in conditions in Honduras so to excuse the second and untimely motion to reopen. *See accord Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008) (providing for substantial evidence review of the Board's factual findings related to its evaluation of evidence of a purported material change in country conditions); *Liu Jin Lin v. Barr*, 944 F.3d 57, 62 (1st Cir. 2019) ("It is well settled that the persistence of negative conditions, regardless of how grave they are, is insufficient to establish changed country conditions and, thus, warrant reopening.").

Castillo also challenges the IJ's ruling, which the Board likewise readily affirmed, to deny her alternate request for sua sponte reopening pursuant to 8 C.F.R. § 1003.23(b)(1). However, it is well settled that we lack jurisdiction to review the agency's decision not to exercise its discretion to sua sponte reopen an alien's removal proceedings. *See Lawrence v. Lynch*, 826 F.3d 198, 206-07 (4th Cir. 2016); *Mosere*, 552 F.3d at 400-01.

Accordingly, we deny the petition for review in part and dismiss it in part. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*