**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1912**

_____

JOSE RODOLFO MEDRANO-GAYTAN, a/k/a Rodolfo Medrano-Gaytan,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  February 23, 2016      Decided:  March 18, 2016

_____

Before WILKINSON, KING, and DIAZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Emily Anne Radford, Assistant Director, Brett F. Kinney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Rodolfo Medrano-Gaytan, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) order denying his motion to reopen. We deny the petition for review.

An alien may file one motion to reopen within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2012); 8 C.F.R. § 1003.23(b)(1) (2015). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal "based on changed country conditions, . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2012); accord 8 C.F.R. § 1003.23(c)(4)(i) (2015). The alien bears the burden of establishing changed country conditions. See Wanrong Lin v. Holder, 771 F.3d 177, 185 (4th Cir. 2014) (noting that alien's burden "was to show that country conditions in [his country] were materially different from those conditions at the time of his original removal proceedings"); In re S-Y-G-, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.23(b); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The "denial of a motion to reopen is

2

reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3) (2015).

We also recognize three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). We will "reverse the denial of such a motion only if the [Board] acted arbitrarily, irrationally, or contrary to law." Prasad v. Holder, 776 F.3d 222, 225 (4th Cir. 2015). Our review is limited to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A) (2012); Crespin-Valladares v. Holder, 632 F.3d 117, 123 n.3 (4th Cir. 2011).

We conclude that substantial evidence supports the finding that Medrano-Gaytan did not establish a change in country conditions that would warrant excusing the 90-day time limit for motions to reopen. Accordingly, because Medrano-Gaytan's motion to reopen was untimely, and he did not show a material change in country conditions, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

4