**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1085**

CATHERINE ANGELE DANKAM,

              Petitioner,

     v.

LORETTA E. LYNCH, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 14, 2016    Decided:  September 30, 2016

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Eric W. Marsteller, Senior Litigation Counsel, Maarja T. Luhtaru, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Catherine Angele Dankam, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) denying her motion to reopen. For the reasons set forth below, we deny the petition for review.

An alien may file one motion to reopen within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2012); 8 C.F.R. § 1003.2(c)(2) (2016). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); accord 8 C.F.R. § 1003.2(c)(3)(ii).

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2016); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the

2

motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

Here, the Board correctly found that Dankam's motion was untimely because it was not filed within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). We further conclude that substantial evidence supports the finding that Dankam failed to establish changed country conditions excusing a late or numerically barred motion to reopen. We have considered Dankam's remaining arguments, including her due process claim, and conclude that they are without merit.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED