**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2518**

JOSE ALEXANDER GARCIA-CEA,

        Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 20, 2019               Decided:  October 16, 2019

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Robert J. Harris, Fairfax, Virginia, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Corey L. Farrell, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Alexander Garcia-Cea, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reopen removal proceedings in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) (holding that notice to appear (NTA) that does not designate time and place of removal proceedings, as directed under 8 U.S.C. § 1229(a) (2012), does not trigger stop-time rule in determining alien's years of continuous presence), and new evidence. We deny the petition for review.

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2019); *INS v. Doherty*, 502 U.S. 314, 323-24 (1992); *Mosere v. Mukasey*, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Sadhvani v. Holder*, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2019). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id*. We review the Board's legal determinations de novo. *Barnes v. Holder*, 625 F.3d 801, 803 (4th Cir. 2010).

The Board rejected Garcia-Cea's argument that his NTA, issued in 2014, did not vest jurisdiction with the immigration judge (IJ) because it did not list the date and time for the initial hearing. Recently, we held that "the failure of the notice to appear filed with the

2

immigration court to include a date and time for [the] removal hearing [] does not implicate the immigration court's adjudicatory authority or jurisdiction." *United States v. Cortez*, 930 F.3d 350, 358 (4th Cir. 2019) (internal quotation marks omitted). We observed that the IJ's authority to conduct removal proceedings stems from 8 U.S.C. § 1229a(a)(1) (2012) ("[a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien"), and "nothing about that broad and mandatory grant of adjudicatory authority is made contingent on compliance with rules governing notices to appear, whether statutory, *see* 8 U.S.C. § 1229(a), or regulatory, *see* 8 C.F.R. § 1003.18(b) [(2019)]." *Cortez*, 930 F.3d at 360 (parenthetical and citation omitted). We further observed that there is no indication that 8 C.F.R. § 1003.14(a) (2019) "was intended to implement some statutory provision giving the Attorney General the authority to adopt rules of jurisdictional dimension." *Id.* (internal quotation marks omitted). We noted that 8 C.F.R. § 1003.14 is "focused not on the immigration court's fundamental power to act but rather on requiring that the parties take certain procedural steps at certain specific times, making it a claim-processing rule rather than a genuine jurisdictional requirement." *Id.* at 361 (internal quotation marks omitted). Garcia-Cea's argument that the IJ and Board lacked jurisdiction over his removal proceedings is without merit. We further conclude that the Board did not abuse its discretion denying Garcia-Cea's motion to reopen based on new evidence.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

4